20770-00141

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA ALFEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2907 |
| | : | |
| 3M CORPORATION | : | |

### **O R D E R**

AND NOW, this _____ day of _____, 2002, upon consideration of plaintiff's Motion for Remand and defendant's Response thereto, said motion is DENIED.

                                                  _____
                                                  THE HONORABLE WILLIAM H. YOHN, JR.

20770-00141

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA ALFEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2907 |
| | : | |
| 3M CORPORATION | : | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant, 3M Corporation, by and through its attorneys, Marshall, Dennehey, Warner, Coleman and Goggin, hereby moves this case to deny plaintiff's Motion for Remand to the Court of Common Pleas of Philadelphia County and in support thereof responds as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part, denied in part. It is admitted that plaintiff's Complaint claims generally for reimbursement of medical bills. However, based upon plaintiff's counsel's letter of September 7, 2001, plaintiff may be seeking a consultation with a plastic surgeon.

7. Denied as stated. The defendant has the burden of establishing that plaintiff's claim could exceed the jurisdictional limit of $75,000. In plaintiff's counsel's letter of September 7, 2001, counsel for plaintiff states, "I want you to know that I view this as a substantial injury with

a verdict potential in excess of $100,000." (See Exhibit "A"). As this Honorable Court is well aware, defendant must file a Notice of Removal within thirty (30) days of notice of its ability to remove the case. Obviously, within that time frame, defendants are not able to adequately conduct discovery, obtain independent medical examinations, etc. Rather, based upon the representations made by counsel for plaintiff, defendant reasonably believes that the case could have a verdict potential in excess of $75,000.

8. Defendant's statement in its Notice of Removal, is based upon specific representations made by counsel for plaintiff. (See Exhibit "A").

9. Denied. To the contrary, based upon counsel's own assessment of the value of this litigation, it could have a verdict potential in excess of the jurisdictional limits. (See Exhibit "A").

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Honorable Court deny plaintiff's Motion for Remand.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

_____
BRADLEY D. REMICK, ESQUIRE
Attorney for defendant

1845 Walnut Street
Philadelphia, PA 19103
(215) 575-2762
I.D. #49449

20770-00141

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA ALFEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-2907 |
| | : | |
| 3M CORPORATION | : | |

**MEMORANDUM OF LAW**

**I. FACTUAL SUMMARY:**

Because plaintiff stipulates that defendant's Notice of Removal is timely and that the citizenship of parties is diverse and likewise, raises no "facial challenge" to the notice of removal, responding defendant will not address these issues. The sole issue is whether defendant has met the burden of showing the amount of controversy exceeds the jurisdictional requirements of 28 U.S.C. 1332. Because of the time frame required which defendant must timely file its removal, does not allow answering defendant to conduct all necessary discovery, the removing defendant must base its removal on information provided by plaintiff's counsel. In the instant matter, plaintiff's counsel has provided the necessary information sufficient to allow defendant to remove the case. As seen in Exhibit "A", plaintiff's counsel viewed the verdict potential in "excess of $100,000". (See Exhibit "A"). Defendant has met its burden. If plaintiff's attorney is now representing that this case is valued less than $75,000, defendant would be agreeable to this Honorable Court sending this matter down to be listed as a federal arbitration.

For the foregoing reasons, it is respectfully requested that this Honorable Court deny plaintiff's Motion for Remand.

        Respectfully submitted,

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN


        _____
        BRADLEY D. REMICK, ESQUIRE
        Attorney for defendant

        1845 Walnut Street
        Philadelphia, PA  19103
        (215) 575-2762
        I.D.  #49449

## CERTIFICATION OF SERVICE

I, BRADLEY D. REMICK, ESQUIRE, hereby certify that I served a true and correct copy of defendant's Response to Plaintiff's Motion for Remand on counsel listed below this date by regular U.S. Mail.

Francis E. Baldo, Jr., Esquire
YANNACONE & BALDO
1215 W. Baltimore Pike
Suite 2
Media, PA  19063
Attorney for plaintiff

                                              MARSHALL, DENNEHEY, WARNER,
                                              COLEMAN & GOGGIN

                                              _____
                                              BRADLEY D. REMICK, ESQUIRE
                                              Attorney for defendant

DATED: _____